**Baby DOE, John Doe, Jane Doe, and Sibling Does**

v.

**The METHACTON SCHOOL DISTRICT, Gerald Raske, The Philadelphia School District, Michael Giamo, John Klock, and J. Russell McConnell and Gregory DiFonzo.**

**Civil Action No. 94–CV–0244.**

United States District Court, E.D. Pennsylvania.

Feb. 12, 1996.

Stuart R. Silver, Bernstein, Silver & Gardner, Philadelphia, PA, for plaintiffs.

Eileen Epley Wiggons, Philadelphia, PA, for Defendant, Gregory DiFonzo.

Andrew S. Rosen, Assistant General Counsel, Philadelphia, PA, for Defendants Phila. School District & Michael Giamo.

Dennis J. O'Leary, White and Williams, Philadelphia, PA, for Defendant John Klock.

Joseph T. Bodell, Jr., Louis Bove, Swartz, Campbell & Detweiler, Philadelphia, PA, for Defendant Gerald Raske.

Joseph F. McNulty, Jr., Post & Schell, Philadelphia, PA, for Defendant McConnell.

Andrew A. Borek, John M. Donahue, Robert R. Harris, Harris & Silverman, Philadelphia, PA, and Rosemary Mullaly, Curtin & Heefner, Doylestown, PA, for Defendant Methacton School District.

## MEMORANDUM

JOYNER, District Judge.

Defendant Methacton School District (MSD) and Defendants Gerald Raske, John Klock and J. Russell McConnell (jointly, Movants) each of whom is a current or former employee of the Methacton School District, move this Court for a summary judgment on all the claims asserted against them in Plaintiffs' Amended Complaint.

The facts relevant to this Motion, taken in the light most favorable to Plaintiffs, are briefly stated as follows. Movants employed Gregory DiFonzo as a music teacher from 1970 to 1979. When Movants became aware that DiFonzo was engaged in a long-term, inappropriate relationship with a young female student, they arranged for DiFonzo to resign and orchestrated a "cover-up" of the allegations made against him. As a result of the cover-up, the neighboring Philadelphia School District (PSD) hired DiFonzo for a similar music teaching position. Fourteen years later, while still employed by PSD, DiFonzo sexually assaulted plaintiff Baby Doe.

█ In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of

each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

■ Movants attack every aspect of Plaintiffs' case against them, but we find we need only address one, namely, causation. Under 42 U.S.C. § 1983, there must be a direct causal connection between the allegedly constitutionally defective policy in question and the alleged constitutional deprivation. *D.T. v. Independent School Dist. No. 16,* 894 F.2d 1176, 1188 (10th Cir.1990), *citing City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

■ Plaintiffs assert a "but for" relationship between Movants' purported cover-up[1] of the events behind DiFonzo's resignation and Baby Doe's subsequent injury. First, they present evidence that after DiFonzo's PSD interview, a PSD employee, Michael Giamo, called DiFonzo's former MSD Principal and MSD's Personnel Director to verify DiFonzo's story. Both men confirmed that DiFonzo had left only "for personal reasons." Based on that, allegedly, DiFonzo was hired by PSD, which then sent a "Certificate of Prior Service" to MSD. MSD's response on that Certificate was that DiFonzo's services had been "satisfactory." Finally, Plaintiffs present the deposition testimony of the then PSD School Board President, Rotan Lee, that PSD would never have hired DiFonzo if it knew what had happened in Methacton.

We find that this state of events does not amount to "but for" causation under § 1983. Plaintiffs' argument is that if MSD had acted properly, DiFonzo would never have been hired by PSD and then would never have been in the position to assault Baby Doe many years later. Even if this is true, it does not demonstrate "but for" causation because the incident between Baby Doe and DiFonzo was too remote from MSD's actions to have been caused by their actions. *See e.g. Martinez v. State of California,* 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481

(1980) (when murder committed five months after parole, too remote). Similarly, in *D.T.,* the Tenth Circuit held that there was no causation when a school board hired a teacher who, during summer vacation, molested several students. 984 F.2d at 1188. Likewise, in *K.L. v. Southeast Delco School Dist.,* 828 F.Supp. 1192, 1199 (E.D.Pa.1993), our court held that there was no causation between a school district's permitting a teacher to behave inappropriately in school and the injuries the plaintiff suffered after he graduated from that school.

■ Moreover, Plaintiff has not presented evidence to suggest that MSD's termination procedures, even if constitutionally inadequate, encouraged or furthered DiFonzo's actual abuse of children. This case is therefore distinguishable from *Stoneking v. Bradford Area School District,* 882 F.2d 720 (3d Cir. 1989), *cert. denied,* 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990). In *Stoneking,* the Third Circuit found that the school's principal facilitated sexual abuse when he ignored allegations of abuse, badgered students into withdrawing their complaints, and did not place any information regarding abuse in the teacher's official files. *Id.* at 728.

Because we do not find a genuine question of fact that Movants' alleged policy of deliberate indifference was a direct cause of Plaintiffs' injuries, summary judgment must be granted in Movants' favor.

An appropriate Order follows.

### ORDER

AND NOW, this 12th day of February, 1996, upon consideration of the Methacton Defendants' Motion for Summary Judgment and responses thereto, the Motion is hereby GRANTED.

---

1. Plaintiffs present a large amount of evidence indicating the existence of a cover-up. For the purposes of this motion, we accept that a cover-up was undertaken.